**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NORMAN L. FOUNTAIN,** | : | |
| | : | **Case No. 2:19-cv-3004** |
| **Plaintiff,** | : | |
| | : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **FIREFLY AGENCY LLC, et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

## I. INTRODUCTION

Before the Court are two motions: (1) a Motion to Dismiss for Failure to State a Claim (ECF No. 7); and (2) a Motion to Dismiss Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6) (ECF No. 53). The first of these two motions responded to the original Complaint, which was filed by Plaintiff Norman L. Fountain ("Mr. Fountain") on July 11, 2019. (ECF No. 1). Along with additional Plaintiffs, Mr. Fountain has since filed an Amended Complaint (ECF No. 51), so the first motion to dismiss is now **MOOT**. For the reasons set for the below, the second motion to dismiss is hereby **GRANTED**.

## II. BACKGROUND

Mr. Fountain filed a *pro se* Complaint in federal court against Defendants Fritz Griffioen, William Griffioen, Rodney Mayhill, James Carnes (together, the "Individual Defendants"), and Firefly Agency LLC ("Firefly") on July 11, 2019. (ECF No. 1). Mr. Fountain later secured counsel and dismissed his claims against the Individual Defendants without prejudice. (ECF No. 46). He also filed an Amended Complaint, with representation, on October 2, 2020. (ECF No. 51).

1

Additional plaintiffs joined the action in the Amended Complaint, including William E. Turnball, Turnball Insurance Agency, Inc. ("Turnball Insurance"), Norman L. Fountain Insurance & Assoc., LLC ("Fountain Insurance"), Speedy Auto Insurance Agency, LLC ("Speedy Insurance"), and John Does (collectively, "Plaintiffs"). Together, Plaintiffs allege nine causes of action against Firefly: (1) breach of contract (Count One); (2) fraud (Count Two); (3) fraud in the inducement (Count Three); concealed or embezzled assets (Count Four); (5) conversion (Count Five); (6) tortious interference with contractual relations (Count Six); (7) unjust enrichment (Count Seven); (8) action for accounting (Count Eight); and (9) whistleblower protection (Count Nine). Counts One through Eight raise state law claims, whereas Count Nine arises under federal law.

Firefly filed a motion to dismiss the Amended Complaint on October 15, 2020. (ECF No. 53). Firefly's motion is now fully briefed and ripe for review.

### III. LAW & ANALYSIS

### A. Diversity Jurisdiction

Firefly moves to dismiss the majority of Plaintiffs' claims for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may file a motion to dismiss based on a court's "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving jurisdiction by a preponderance of the evidence when the defendant challenges subject matter jurisdiction under Rule 12(b)(1). *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). To invoke diversity jurisdiction properly, the plaintiff must allege damages exceeding $75,000 and must meet the "complete diversity" requirement, meaning that "each of the plaintiffs comes from a different State from each of the defendants." *Evanston*

*Ins. Co. v. Hous. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017); *see also* 28 U.S.C. § 1332(a).

The Court will grant a Rule 12(b)(1) motion to dismiss if, taking all the plaintiffs' allegations as true, the court is without subject matter jurisdiction to hear the claim. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). The Court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). The Court may consider such evidence without turning the motion into one for summary judgment. *Id.*

Here, Mr. Fountain resides in Ohio.[1] (Am. Compl. ¶ 5, ECF No. 51). Although the Amended Complaint does not allege the citizenship of Firefly, all of its members reside in and are citizens of Ohio. (*See* Decl. of Fritz Griffioen ¶ 2, ECF No. 53-1). As a limited liability company, Firefly is considered to be a citizen of Ohio for diversity jurisdiction purposes. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187–92 (1990)) ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member."). Because Plaintiff Fountain and Defendant Firefly are each citizens of Ohio, there is not complete diversity among the parties and therefore there is no federal diversity jurisdiction. Plaintiffs also acknowledge that "diversity jurisdiction does not exist" currently in the case.[2] (ECF No. 55 at 5). Accordingly, the

---

[1] In the Amended Complaint, Plaintiffs claim that this Court has jurisdiction over their state law claims because "the amount in controversy exceeds $75,000 and at least one Plaintiff resides in a state outside the state of Ohio." (Am. Compl. ¶ 3 at 4, ECF No. 51). This misstates the requirements under 28 U.S.C. § 1332(a).

[2] Plaintiffs also submit that they wish to preserve the "right to assert complete diversity if and when appropriate." (ECF No. 55 at 5). Diversity jurisdiction, however, is determined at the time the suit is filed or, in some cases, at the time an amended complaint names a previously unidentifiable defendant. *Curry v. U.S. Bult Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). Plaintiffs cannot reserve provisional diversity

Court finds that it does not have jurisdiction over any of Plaintiffs' state law claims and **DISMISSES** Counts One, Two, Three, Four, Five, Six, Seven, and Eight.

### B. Federal Question Jurisdiction

Additionally, Firefly moves to dismiss Plaintiffs' whistleblower claim, which is before the Court on federal question jurisdiction, for failure to state a claim. Rule 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although the Court "must accept all well-pleaded factual allegations in the complaint as true," the Court "need not accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted). In short, the plaintiff's complaint "must be enough to raise a right to relief above the speculative level."

Taking the facts as stated by Plaintiffs, the Plaintiffs are a group of individuals and entities who previously had contractual and business relationships with Firefly and its predecessors. (Am. Compl. ¶ 20, ECF No. 51). In addition, Mr. Fountain and Mr. Turnball each held management positions with Firefly's predecessor, IHT Insurance Agency Group, LLC ("IHT"). (*Id.* ¶¶ 16, 22).

---

jurisdiction for the future, and neither the Complaint nor the Amended Complaint invokes this Court's diversity jurisdiction.

Count Nine of the Plaintiffs' Amended Complaint is titled "Whistleblower Protection." It alleges that Plaintiffs believed Firefly's business practices violated a number of federal statutes, and that they reported these practices to various governmental agencies—including the Columbus Police Department, the Ohio Civil Rights Commission, the Ohio Department of Insurance, the Ohio Inspector General, the Ohio Attorney General, the Employee Benefits Security Administration, the United States Department of Housing and Urban Development, and the United States Treasury Federal Insurance Office, and the Federal Bureau of Investigation—beginning in February 2015. (ECF No. 55 at 5−6). Specifically, they reported that Firefly's business and underwriting practices effectively "forced discrimination against individuals in underserved communities." (Am. Compl. ¶¶ 124−25, ECF No. 51). They also made allegations of embezzlement, mail fraud, falsification of financial records, tax evasion, insurance redlining, and civil rights violations against Firefly in other reports. (*Id.* ¶ 127).

Because Plaintiffs have either participated in or joined in protected reporting or are considered collaborating informants, they submit that they are protected against retaliation as whistleblowers. (*Id.* ¶ 129). Despite this protected status, they say that Firefly retaliated against Mr. Turnball in November 2015 by terminating the contract for his business coordinator position. (*Id.* ¶ 132). Additionally, Plaintiffs allege that Firefly retaliated against Mr. Fountain and Speedy Insurance in November 2015 by "terminating their ability to sell and service customers and [earn] the subsequent associated commissions." (*Id.* ¶ 133).

<u>1. Claim under 18 U.S.C. § 1514</u>

Plaintiffs do not cite a specific statute or legal basis for their "whistleblower claim" under Count Nine. They do, however, cite to 18 U.S.C. § 1514 under the "Jurisdiction and Venue" section of the Amended Complaint. This statute provides that a district court, "upon application of the

attorney for the Government" may issue a temporary restraining order "prohibiting harassment of a victim or witness in a Federal criminal case." 18 U.S.C. § 1514(a)(1). Plaintiffs' claim under this statute fails as a matter of law because Plaintiffs are not attorneys for the United States, they do not seek a temporary restraining order, and this is not a criminal matter.

Even assuming arguendo that Plaintiffs intended to raise Count Nine under 18 U.S.C. § 1514A, the Sarbanes-Oxley Whistleblower Statute, their claim also fails. In order to state a claim under 18 U.S.C. § 1514A, plaintiffs must allege the following: (1) they engaged in protected activity; (2) their employer knew that they engaged in protected activity; (3) they suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *Brantley v. Title First Titling Agency*, No. 1:11-CV-864, 2012 WL 349180, at *3 (S.D. Ohio Feb. 2, 2012), *report and recommendation adopted*, No. 1:11-CV-864, 2012 WL 1203564 (S. D. Ohio Apr. 10, 2012). Furthermore, § 1514A only applies to publicly traded companies. *See, e.g.*, *Hudes v. Aetna Life Ins. Co.*, 806 F. Supp. 2d 180, 193 (D.D.C. 2011). Here, Firefly is not a publicly traded company. Accordingly, Plaintiffs have failed to state a claim under 18 U.S.C. § 1514A.

## 2. Claim under 26 U.S.C. § 7623(d)

Plaintiffs did not respond to the above arguments as to whether they failed to state a claim under § 1514 or § 1514A. Instead, they assert that whistleblower protections are not limited to employees, and they cite 26 U.S.C. § 7623(d) as an example. (ECF No. 55 at 7).

This argument is problematic for three primary reasons. First, Plaintiffs did not raise 26 U.S.C. § 7623(d) as statutory basis for any claim in their Amended Complaint, nor did they ask to amend their complaint again to include a § 7623(d) claim. *See Tucker v. Union of Needletrades, Indus. and Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) ("[I]f a plaintiff decides to advance a

new claim as a result of . . . discovery, liberal amendment of the complaint is provided for by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend the complaint 'shall be freely given when justice so requires.'"). Second, contrary to Plaintiffs' argument, 26 U.S.C. § 7623(d) is indeed limited to protecting employees. Subsection (d)(1) is titled "Anti-retaliation whistleblower protection *for employees*," and the substance of the statute prohibits adverse actions relating to "terms and conditions of employment" to retaliate against an employee who provides information to the government about tax fraud. 26 U.S.C. § 7623(d)(1)(A)−(B) (emphasis added). Finally, in order to state a claim under this statute, plaintiffs would need to allege that they were Firefly employees who were qualified for protection under the statute and that they filed a complaint with the Secretary of Labor. *Id.* Plaintiffs do not assert either of these allegations.[3] Plaintiffs therefore have failed to identify any legal basis for their whistleblower protection claim. The Court **DISMISSES** this claim.

### V. CONCLUSION

For the reasons articulated above, Defendants' first motion to dismiss [#7] is **MOOT**, and their second motion to dismiss [#53] is **GRANTED**. The Court will, however, permit Plaintiffs to file a motion for leave to amend and a proposed Second Amended Complaint, but only as it relates to the whistleblower claim in Count Nine. *See Mason v. Wal-Mart Corp.*, No. 2:14-cv-00446, 2015

---

[3] Plaintiffs allege that Mr. Turnball and Mr. Fountain held management positions at Firefly's predecessor, IHT. (Am. Compl. ¶ 22). Mr. Turnball served as Business Coordinator on behalf of IHT in Michigan, and Mr. Fountain served on the board of managers of IHT and as President. (*Id.* ¶¶ 23−24). According to Plaintiffs, RRL Holding Company of Ohio, LLC ("RRL") operated as the holding company of IHT, such that IHT was a subsidiary of and fully owned by RRL. (*Id.* ¶¶ 28, 31). Plaintiffs also allege that "[o]n or about December 31, 2018, Defendants merged RRL out of existence with the surviving entity being Firefly." (*Id.* ¶ 56). Several years prior to this change in corporate structure, Plaintiffs allege that both Mr. Turnball's and Mr. Fountain's management positions with IHT ended. Mr. Fountain's board service and presidency ended in 2012, and Mr. Turnball's Business Coordinator agreement was terminated in 2015. (*Id.* ¶¶ 24, 132). Based on these allegations, the Court cannot conclude that Plaintiffs were Firefly employees.

WL 1197916, at *10 (S.D. Ohio Mar. 16, 2015) (Marbley, J.) ("In cases where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotations and citation omitted). To be clear, the Court's decision to allow Plaintiffs to file for leave to amend does not weigh on the merits of Plaintiffs' whistleblower claim. Plaintiffs have fourteen (14) days from the date of this Opinion and Order to file their motion, which should include a copy of their proposed amended complaint attached as an exhibit.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 17, 2021**