# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN L. FOUNTAIN,** *et al.* | : | |
| | : | Case No. 2:19-cv-3004 |
| **Plaintiffs,** | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Elizabeth Deavers |
| **FIREFLY AGENCY LLC,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Continuance of Date to File a Motion for Leave to Amend Complaint (ECF No. 58), and Defendant's Motion to Strike Plaintiffs' Notice of Voluntary Dismissal (ECF No. 61). For the reasons set forth below, Plaintiffs' Motion for Continuance of Date to File a Motion for Leave to Amend Complaint is **GRANTED** and Defendant's Motion to Strike Plaintiffs' Voluntary Dismissal is **DENIED as MOOT**.

## I. BACKGROUND

Mr. Norman Fountain filed a complaint against his former business associates: Firefly Agency, LLC ("Firefly"), Fritz Griffioen, William Griffioen, Rodney Mayhill, and James Carnes on July 11, 2019. (ECF No. 1). Filing *pro se*, Fountain asserted eight causes of action arising from the sale and marketing of insurance products by and through Firefly and the individual defendants. (*Id.* at 25–32). After retaining counsel, Fountain filed an amended complaint. (ECF No. 51). In the amended complaint, Fountain and additional plaintiffs alleged nine causes of action against just Firefly: eight state law claims and one federal whistleblower claim. (*Id.* at 9–20). Defendant responded by filing a motion to dismiss. (ECF No. 53).

1

On May 17, 2021, this Court dismissed all of Plaintiffs' claims against Defendant. (ECF No. 57). The Court dismissed the eight state law claims for lack of subject matter jurisdiction, holding that the parties lacked "complete diversity" as required by 28 U.S.C. § 1332(a). (*Id.* at 3–4). This Court dismissed the whistleblower claim pursuant to Fed. R. Civ. P. 12(b)(6), noting that Plaintiffs identified no statute nor other legal basis regarding this request for relief. (*Id.* at 7). For purposes of analysis, this Court assumed that Plaintiffs intended to bring the claim pursuant to either 18 U.S.C. § 1514 or 26 U.S.C. § 7623(d) but concluded that under either statutory basis Plaintiffs failed to allege facts sufficient to sustain a claim against a 12(b)(6) attack. (*Id.*). This Court thus dismissed this claim but did not leave Plaintiffs without alternatives.

Pursuant to the May dismissal order, this Court allowed "Plaintiffs to file a motion for leave to amend and a proposed Second Amended Complaint." (*Id.*). This opportunity to file an amended pleading was limited to the whistleblower claim. (*Id.*). Moreover, this Court restricted the timeline for filing the leave to amend to within fourteen (14) days of the Court's Opinion and Order. (*Id.* at 8). Thus, the deadline for Plaintiffs' motion for leave to amend was May 31, 2021. (*See id.*).

Instead of filing the leave to amend, Plaintiffs requested to continue that motion's deadline. (ECF No. 58). More specifically, Plaintiffs ask this Court to extend the original deadline of fourteen (14) days to twenty-eight (28). (*Id.* at 2). Defendant opposes that request. (ECF No. 59). Just over a week after filing the motion to continue, Plaintiffs filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a). (ECF No. 60).

Defendant has now moved to strike Plaintiffs' Notice of Voluntary Dismissal, arguing that this dismissal was untimely. (*See* ECF No. 61). Plaintiffs respond by noting its unencumbered

2

right to dismiss their case. (ECF No. 62). Defendant rejoins by asserting there was no case to dismiss. (ECF No. 63). Against this backdrop, this Court considers the parties' motions in turn.

## II. LAW & ANALYSIS

### A. Motion for Continuance of Date to File a Motion for Leave to Amend Complaint

A Motion for Continuance of Date to File a Motion is governed by Rule 6—"Time for Motion Papers." Fed. R. Civ. P. 6. This Rule provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b). Further, courts and commentators have noted that "[a] district court has wide discretion to grant an enlargement of time … with or without motion, if the request is made within the expiration period or as extended by previous order." *Choi v. Chem. Bank*, 939 F. Supp. 304, 309 (S.D.N.Y. 1996) (citing *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1014 (S.D.N.Y. 1973) and 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (2d ed. 1987)).

Additionally, "Rule 6(b) provides for enlargement of time periods '[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time.'" *Patterson v. Mintzes*, 717 F.2d 284, 287 (6th Cir. 1983). When a district court orders a party to file papers within a given time-period, "this is an 'order of court' within the meaning of Rule 6(b) and therefore subject to extension." *Id.*

Furthermore, this power to extend the time to file "advances and serves the underlying purpose" of Rule 15 which permits a party to amend pleadings. *See id.* This Court, citing the Supreme Court, has expressed that Rule 15 requires "leave to amend be 'freely given' absent a reason 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Nature's One, Inc. v. Spring*

3

*Hill Jersey Cheese, Inc.*, No. 2:15-CV-02820, 2016 WL 4094959, at *1 (S.D. Ohio Aug. 2, 2016) (Marbley, J.) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)); *see* Fed. R. Civ. P. 15(a)(2). Yet, "[a]bsent prejudice, delay alone is not sufficient to deny leave to amend." *Nature's One, Inc.*, 2016 WL 4094959, at *1 (citing *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 888 (6th Cir. 1990)).

Finally, "[t]he decision to grant or deny a plaintiff leave to amend his complaint pursuant to Rule 15(a) 'is committed to the district court's sound discretion.'" *Ruschel v. Nestle Holdings, Inc.*, 89 Fed. App'x 518, 521 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986)). It follows, then, that a motion to continue the timeline associated with leave to amend—an essential component of the Court's power to permit amending the complaint—is also "committed to the district court's sound discretion." *Id.* Indeed, "[d]istrict courts unquestionably have substantial inherent power to manage their dockets." *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962)). Yet, that inherent power "must be exercised in a manner that is in harmony with the Federal Rules of Civil Procedure." *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 471 (1965)). Thus, while this Court's discretion in considering such a motion to continue is not unbounded, case law interpreting pertinent Federal Rules of Civil Procedure empowers district courts with substantial latitude concerning such motions. *See e.g.*, *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010) (citing *Ferris v. Santa Clara Cnty.*, 891 F.2d 715, 718 (9th Cir.1989); *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979); *see also Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993) ("Moreover, the district court has discretion regarding whether to grant leave to amend following *summary judgment*.") (emphasis added).

To make an informed decision about maintaining its suit, Plaintiffs requested more time to seek additional information. (ECF No. 58 at 1). Although not stated explicitly, Defendant, in substance, argues that Plaintiffs' motion to continue should be denied because of futility. (*See* ECF No. 59 at 1–2). Put differently, Defendant maintains that there is no set of facts that Plaintiffs could allege to survive a motion to dismiss under Rule 12(b)(6) and as such, there is no reason to delay the inevitable. (*See id.*). For this assertion, however, Defendant cites neither law nor fact to support its claim. (*See id.*). Most importantly, Defendant does not assert any prejudice resulting from the fourteen (14) day continuance. (*See id.*).

Additionally, unlike some circumstances where the district court is further constrained by a scheduling order pursuant to Rule 16, here that is not the case. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); (*see* ECF No. 54) (Court staying the issuance of a scheduling order until after ruling on Motion to Dismiss).

Furthermore, "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Because Defendant has not asserted prejudice in their opposition to Plaintiffs' motion and delay alone is an insufficient basis for denial, an extension of time would better "reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Id. See also Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) ("Conspicuously absent from General Electric's brief is any argument that it suffered prejudice in the prosecution of its case, a factor this court has repeatedly emphasized is crucial in the inquiry."); *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of

itself to disallow an amendment of a pleading.") (citations omitted). Accordingly, Plaintiffs' Motion for Continuance of Date to File a Motion for Leave to Amend Complaint is **GRANTED**.

### B. Voluntary Dismissal & Motion to Strike

Federal Rule of Civil Procedure Rule 41(a) provides for voluntary dismissal by the plaintiff. Fed. R. Civ. P. 41(a). Under subpart (a)(1), plaintiffs may file a notice of dismissal to terminate the case. Fed. R. Civ. P. 41(a)(1). Aiding this Court's interpretation, the Sixth Circuit has provided helpful guidance on the bounds of Rule 41. In *Aamot v. Kassel*, the Sixth Circuit noted that "Fed. R. Civ. P. 41(a)(1) limits the plaintiff's authority to dismiss his complaint without prejudice and without the permission of either the adverse party or the court to the period of time before the defendant files an answer or a motion for summary judgment." 1 F.3d 441, 443 (6th Cir. 1993). Moreover, the Circuit Court continued, "[d]uring that period, the court has no discretion to deny such a dismissal." *Id.* Finally, because "a Rule 41(a)(1) notice of dismissal is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal," a District Court errs "in granting defendant's motion to strike these notices." *See id.* at 445.

Following Plaintiffs' Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) (ECF No. 60), Defendant moved to strike (ECF No. 61). Additionally, Defendant requests clarification regarding the Court's May 17 Order and Opinion dismissing Plaintiffs' whistleblower claim. (ECF No. 61 at 1). More specifically, Defendant seeks an order stating that the dismissal was with prejudice. (*Id.*).

First, the notice of voluntary dismissal. Defendant argues that Plaintiffs' Notice of Voluntary Dismissal was procedurally infirm. (*Id.*). Because this Court dismissed all claims within the operative complaint, Defendant contends there were no remaining claims to dismiss. (*Id.*). Moreover, Defendant argues that just because this Court provided Plaintiffs with additional

6

time to seek leave to amend its complaint, that extension does not alter the result. (*Id.* at 2). For these propositions, Defendant cites no case law. (*See id.* at 1–2).

Plaintiffs rejoin by noting the timing restriction of Rule 41(a)(1)(A)(i), *i.e.*, before an answer or summary judgment is filed by the opposing party. (ECF No. 62 at 2). Moreover, Plaintiffs assert that they are entitled to dismiss the action by right and the discretion of the district court is constrained by the plain language of the Rule. (*Id.*). Plaintiffs rely on *D.C. Elecs., Inc., v. Narton Corp.*, 511 F.2d 294 (6th Cir. 1975) which held that "Rule 41(a)(1)(i) is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court." (*Id.*) (quoting 511 F.2d at 298).

In their Reply, Defendant maintains that Plaintiffs fail to address the viability of a voluntary Rule 41(a) dismissal absent claims to dismiss. (ECF No. 63 at 1). Instead, Defendant contends, the order granting the Defendant's Motion to Dismiss controls. (*Id.*). Because there were no claims to dismiss, Defendant seems to be arguing that the action—in contrast to the claims—was effectively dismissed. (*Id.*). Rather than relying on case law here, Defendant argues that Plaintiffs are unable to provide apposite case law. (*Id.* at 1). More precisely, Defendant argues that Plaintiffs cite no authority for a Rule 41(a) dismissal following the granting of a motion to dismiss. (*Id.*).

Next, the Court's May 17 Order. Defendant also argues that the Court dismissed Plaintiffs' whistleblower claim with prejudice. (ECF No. 61 at 1–2). For that proposition, Defendant relies on Rule 41(b) and *Crone-Schierloh v. Hammock*, No. 2:12-CV-410, 2013 WL 12123903, at *1 (S.D. Ohio May 22, 2013). (*Id.* at 2). Moreover, Defendant, relying on *Mason v. Wal-Mart Corp.*, No. 2:14-CV-00446, 2015 WL 1197916, at *1 (S.D. Ohio Mar. 16, 2015) (Marbley, J.), argues that because the claim was dismissed with prejudice, if Plaintiffs fail to seek leave to amend, the dismissal with prejudice remains. (*Id.*). Plaintiffs respond by asserting that the cases Defendant

7

relies on are distinguishable, and a complaint and an action are fundamentally distinct. (ECF No. 62 at 2–3). Finally, Defendant reiterates its previous arguments in its Reply. (ECF No. 63).

The thrust of Defendant's primary argument is that because the Court granted their Motion to Dismiss, Plaintiffs were unable to avail themselves of Rule 41(a). (*See* ECF No. 61, 63). Yet Rule 41 does not contain such a limitation. *See* Fed. R. Civ. P. 41(a)(1). Moreover, this Court "decline[s] to create such a limitation independent of the text." *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 773 (6th Cir. 2020); *see also D.C. Elecs., Inc.,*, 511 F.2d at 297 ("Undoubtedly conscious of the incalculable paths which litigation may follow, the drafters employed precise language to define an 'early stage' of a proceeding."). In fact, the Sixth Circuit has recently stressed the extent of the power conferred upon plaintiffs invoking this right. In *Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, the Court noted that "[u]nder Rule 41(a)(1), a qualifying plaintiff has an absolute right to withdraw its action and, once a notice of dismissal is filed, a district court has no discretion to deny such a dismissal." 951 F.3d 769, 774 (6th Cir. 2020) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)) (internal quotations omitted); *D.C. Elecs., Inc.,* 511 F.2d at 298.

Additionally, the Sixth Circuit has emphasized the plain reading of the Rule: "this being a rule of procedure on which parties navigating the shoals of litigation must rely without needless doubt or question, we are inclined to take the Rule at face value, and assume that it means what it says." *Aamot*, 1 F.3d at 444 (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977)) (internal quotations omitted). Thus, the Sixth Circuit instructs,

> [o]bviously, at least to us, Rule 41 deals with an entirely different phase of the case, one in which the plaintiff is left free to change his mind about prosecuting his action, and the defendant has the simple option … of filing an answer or motion for summary judgment, should he wish to avoid wasting time and money or preclude future prejudice to his interests.

8

*Id.* at 445.

What's more, Rule 41 provides Plaintiffs with a procedural device for dismissing *actions* as opposed to *claims*. Indeed, "Rule 41(a)(1)(A)(i) [is] not the proper vehicle to dismiss less than the entirety of the action in the Sixth Circuit." *Warfel v. Chase Bank USA*, *N.A.*, No. 2:11-CV-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012) (citing *Crozin v. Crown Appraisal Group, Inc.*, Nos. 10-581, 10-cv-764, 2012 WL 139219, at *2–*3 (S.D. Ohio Jan. 18, 2012)); *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265–66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt.*, *LLC*, 511 F.3d 633, 636 (6th Cir.2008). Thus, Defendant conflates dismissal of claims with that of the entire controversy.[1] If the action had been complete, the case would have been terminated following the entry of the dismissal order. Instead, this Court deliberately provided Plaintiffs with an opportunity to cure defects in their complaint. Indeed, this opportunity was to reinforce the principle of liberality concerning pleading made manifest in Rule 15, among other provisions of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15.; *see generally* Fed. R. Civ. P. 7, 8, 15.

Further supporting this result is the corresponding distinction concerning the district court's power to dismiss a complaint as opposed to the entire action. Here, the Sixth Circuit has provided helpful instruction about this crucial distinction, particularly in *Azar v. Conley*. 480 F.2d 220, 223 (6th Cir. 1973). There, the Circuit Court explained "[t]here is a considerable body of

---

[1] Relatedly, Plaintiffs' Motion to Join Additional Parties and For Leave to File an Amended Complaint (ECF No. 45), was sufficient without the subsequent notice of dismissal (ECF No. 46). Additionally, "[t]he Court recognizes that filings are to be construed by their substantive content and not by their labels." *Warfel*, 2012 WL 441135, at *2 (citing *Coleman*, 2011 WL 3273531, at *6). "It will therefore construe Plaintiffs' [September 25, 2020] Notice of Voluntary Dismissal (ECF No. [46])" as part of the Rule 15 and Rule 20 motions to add parties, as well as a "Rule 21 motion to sever the claims against defendants" Fritz Griffioen, William Griffioen, Rodney Mayhill, and James R. Carnes "from the claim against" Firefly, LLC. *Id.* Moreover, given the advancement of this case since September 25, 2020, it is clear that the Court as well as the parties construed the filing this way. Finally, Defendant does not address this issue in any of their opposition motions.

case law … distinguishing between a judgment which dismisses the action and therefore is a final judgment and one that only dismisses the complaint without dismissing the action. The latter is not appealable if the complaint *may* be saved by amendment." *Id.* (emphasis added); *see also Boxill v. O'Grady*, 935 F.3d 510, 516–17 (6th Cir. 2019); *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 617 (6th Cir. 2008) ("Here, because the district court dismissed Plaintiffs' action and not just the complaint, we have jurisdiction to consider this appeal.").

Consistent with this feature of non-finality, "[o]rdinarily, if a district court grants a defendant's 12(b)(6) motion, the court will dismiss the claim without prejudice to give parties an opportunity to fix their pleading defects." *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627 (6th Cir. 2019) (citing *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011)). And while Rule 41(b)'s guidance regarding dismissals with prejudice seems rigid, the case Defendant cites interpreting that provision belies that conclusion. *Crone-Schierloh v. Hammock* states that "[u]nder Federal Rule of Civil Procedure 41(b), a dismissal under Rule 12(b)(6) 'operates as an adjudication on the merits' unless the 'dismissal order states otherwise.'" 2013 WL 12123903, at *3. And had the Court stopped there, Defendant's contention might seem unassailable. Yet, the Court continues "[t]hus, a dismissal under Rule 12(b)(6) *generally* operates as a dismissal with prejudice, unless the district court *in its discretion* finds that the circumstances warrant otherwise. By implication, a dismissal under Rule 12(b)(6) bars further litigation on a claim unless leave to amend is granted." *Id.* (emphasis added).

Although this Court did not explicitly state that Defendant's Motion to Dismiss was granted without prejudice, two features of the pertinent Opinion & Order make this result clear. The first is this Court's explicit permission for Plaintiffs to file a motion for leave to amend their Complaint. (ECF No. 57 at 7–8). The second is this Court pairing that authorization with a citation from

10

*Mason v. Wal-Mart Corp.* (*Id.*) (quoting 2015 WL 1197916, at *10). There, this Court stated in unambiguous terms, that "[i]n cases where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id.*; *see also Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) ("[T]he case law in this Circuit manifests 'liberality in allowing amendments to a complaint.'") (internal citations omitted)). And while this circuit does not require a district court to permit a plaintiff to amend, this circuit also does not bar a district court from dismissing without prejudice and granting leave to amend. *See Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991) ("The district court has discretion in determining whether to permit an amendment, and its decision will be overturned only if it has abused that discretion."); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (requiring district courts to permit plaintiffs leave to amend pleadings).

Further, *Mason v. Wal-Mart Corp.* does not alter this result. There, the Court provided Plaintiff "leave to file a second amended complaint." 2015 WL 1197916, at *10. The Court also ordered that if Plaintiff failed to file its amended complaint within the timeline provided, that the Court would deem certain claims asserted in the original complaint "dismissed with prejudice." *Id.* Yet here, the Court neither specified this result nor did Plaintiffs allow the deadline to expire. Indeed, the function of the motion to continue was to avoid this exact outcome.

All told, and in light of their successful motion to continue, Plaintiffs have not improperly invoked Rule 41(1)(A)(i) to dismiss their live "action … [or] entire controversy." *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). Because this Court explicitly provided Plaintiffs with an opportunity to seek leave to amend their pleading, the Court deliberately ensured the action was kept alive to allow for an adjudication on the merits of the case rather than facilitate

dismissal on a technicality. As is Plaintiffs' *absolute* right, they opted to regroup and reassess their litigation strategy rather than further amend the complaint. Moreover, Defendant asserts no prejudice nor were they without options. Indeed, those "Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer." *Aamot*, 1 F.3d at 444 (citing *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977)). "The case at bar having been dismissed in its entirety as of" June 7, 2021, Defendant's Motion to Strike Plaintiffs' Voluntary Dismissal without Prejudice, "is rendered moot." *Id.* at 445. Accordingly, Defendant's Motion to Strike is **DENIED as MOOT**.

### III. CONCLUSION

Plaintiffs' Motion for Continuance of Date to File a Motion for Leave to Amend Complaint (ECF No. 58) is **GRANTED** and Defendant's Motion to Strike Plaintiffs' Notice of Voluntary Dismissal (ECF No. 61) is **DENIED as MOOT**. This case is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Plaintiffs' Notice of Voluntary Dismissal (ECF No. 60).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: December 20, 2021**